IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS LIBRAN-SALAS, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA DEPARTMENT OF AGRICULTURE, et al.,

    Defendants.

CIVIL NO. 14-1121 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Luis Librán-Salas, Ivette González-Miranda and their conjugal partnership initiated this action against United States of America Department of Agriculture, Virgilio Vélez-Suárez, Ana Denizard, and their conjugal partnership, seeking payment for damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. Before the Court are: (1) the United States of America's "Motion to Dismiss" (Docket No. 19); and (2) Vélez-Suárez and Ana Denizard's "Motion for Joinder and/or Motion to Dismiss" (Docket No. 22). Plaintiffs filed an omnibus opposition (Docket No. 25), defendants replied (Docket Nos. 30 and 31), and plaintiffs sur-replied (Docket No. 34). For the reasons explained below, the motions are GRANTED and the case is DISMISSED.

**I.    BACKGROUND**

In essence, plaintiffs claim that beginning in or around November 2011 and until March 2012, Mr. Librán-Salas was subjected to a pattern of continuous harassment by Mr. Vélez-Suárez, his direct Supervisor at the United States Department of Agriculture (Docket No. 1 at ¶ 7). Such

Case 3:14-cv-01121-PAD   Document 35   Filed 02/18/15   Page 2 of 8

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 2

harassment was primarily on account of Mr. Librán-Salas' medical condition. Id. at ¶¶ 9-10. It included episodes of humiliation in front of coworkers, shouts, threats, insults, cancellation of vacations and compressed work schedules that had been granted in connection to Mr. Librán-Salas' medical conditions. Id. at ¶ 8. According to Mr. Librán-Salas, one particular incident involved violence. Id. at ¶ 11. As a result (1) an investigation was initiated by the USDA, (2) Mr. Librán-Salas was transferred out of the Caguas office, and (3) fell into a deep depression. Id. at ¶ 12. On May 13, 2013, Mr. Librán-Salas was discharged from his position at USDA for depression. Id. at ¶ 13. Defendants now move the Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.   STANDARD OF REVIEW

A.   Fed.R.Civ.P. 12(b)(1)

Fed.R.Civ.P. 12(b)(1) states that a party may seek dismissal of an action for lack of subject matter jurisdiction. "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). If it appears to the court at any time that subject matter jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); see also McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to adjudicate the case." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996) and Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). In evaluating a motion to dismiss under Rule 12(b)(1) for lack of

Case 3:14-cv-01121-PAD   Document 35   Filed 02/18/15   Page 3 of 8

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 3

subject matter jurisdiction, the Court ordinarily may consider whatever evidence has been submitted, such as depositions and exhibits. Carroll v. U.S., 661 F.3d 87, 94 (1st Cir. 2011).

  B. Fed.R.Civ.P. 12(b)(6)

To survive a motion under Fed.R.Civ.P. 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

While detailed factual allegations are not required, more than labels and conclusions are needed. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Where the well-pleaded facts do not permit the court to reasonably infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009).

### III. DISCUSSION

  A. Disability-based Discrimination

The Rehabilitation Act of 1973 prohibits discrimination on the basis of disability against otherwise qualified individuals working for an executive agency or a program receiving federal funds. 29 U.S.C.A. §§ 791, 794. The statute constitutes the exclusive remedy for a federal employee alleging disability-based discrimination. O'Hara v. Donahoe, --- Fed.Appx. ----, 2014

Case 3:14-cv-01121-PAD   Document 35   Filed 02/18/15   Page 4 of 8

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 4

WL 7210952, at *1, n. 1 (5th Cir. Dec. 19, 2014); Russell v. Lew, 549 F.Appx. 389, 394 (6th Cir. 2013).  To the extent they are precluded by the Rehabilitation Act, plaintiffs' claims of disability-based discrimination under the FTCA must be dismissed for want of subject matter jurisdiction.

    B.  Adverse Personnel Actions

    The Civil Service Reform Act of 1978, Pub. L. No. 95–454, 92 Stat. 1111 (1978) (codified as amended in scattered sections of Title 5 of the United States Codes), was enacted to provide a comprehensive scheme for federal employees to challenge adverse personnel decisions.  U.S. v. Fausto, 484 U.S. 439, 455 (1988).  Courts have consistently held that, when applicable, the CSRA preempts any claim brought pursuant to the FTCA.  See, Plasai v. Mineta, 212 Fed.Appx. 287, 292 (5th Cir. 2006); Mahtesian v. Lee, 406 F.3d 1131, 1134 (9th Cir. 2005); Grisham v. U.S., 103 F.3d 24, 27 (5th Cir. 1997); Steele v. U.S., 19 F.3d 531, 533 (10th Cir. 1994); Berrios v. Department of Army, 884 F.2d 28, 30 (1st Cir. 1989).

    Plaintiffs claim that as part of Mr. Vélez-Suárez' harassment campaign, the latter cancelled Mr. Librán-Salas' vacations and compressed work schedules that had been granted in connection to his medical conditions (Docket No. 1 at ¶ 8).  Mr. Librán-Salas was employed by the Federal Government, and his claims for adverse personnel actions are covered by the CSRA.[1]  Consequently, plaintiffs' claims brought pursuant to the FTCA on those grounds are preempted and must be dismissed.

---

[1] 5 U.S.C.A. § 2302(b)(1)(D) provides, that any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority-- discriminate for or against any employee or applicant for employment-- on the basis of handicapping condition, as prohibited under section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791).

Case 3:14-cv-01121-PAD   Document 35   Filed 02/18/15   Page 5 of 8

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 5

C. Mental Anguish and Suffering

The Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8193, establishes a federal workers' compensation program for employees who suffer a "disability" as a result of an on-the-job injury. Rolland v. Potter, 492 F.3d 45, 48 (1st Cir. 2007). Liability under FECA is "exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages." Gill v. U.S., 471 F.3d 204, 206 (1st Cir. 2006). "FECA's exclusive liability provision . . . was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." Id.; see also, Bruni v. U.S., 964 F.2d 76 (1st Cir. 1992)(holding that the liability imposed by FECA supplants all other liability – including tort liability under the FTCA or other statutes – on the part of the United States to an injured federal employee).

The Secretary of Labor has the duty to administer and decide all questions arising under the statute Gill, 471 F.3d at 206 (citing 5 U.S.C. § 8145), and has consistently construed the statute so as to include claims for work-related emotional distress. Id. at 208; see also, Spinelli v. Goss, 446 F.3d 159, 160-161 (D.C. Cir. 2006) (stating that the Secretary's decision that FECA covered plaintiff's emotional and psychological injuries "settles the matter," and holding that dismissal was appropriate); Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000) (noting that the Secretary took the position that plaintiff's emotional distress claim was covered by FECA, and that the district court did not have jurisdiction to decide FTCA claim for the same injury); Farley v. U.S., 162 F.3d 613, 616 (10th Cir. 1998) (concluding that there was a substantial question of compensability under FECA based on the recognition that the Secretary has in some instances found FECA

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 6

coverage for emotional distress claims); McDaniel v. U.S., 970 F.2d 194, 197 (6th Cir. 1992) (acknowledging the Secretary's determination that FECA covered plaintiff's "disabling emotional condition," and affirming dismissal of FTCA action for lack of jurisdiction).  In line with these principles, plaintiffs' claims for mental anguish under FTCA are barred and must be dismissed.

   D.  Negligent Hiring, Training and Retention

The FTCA waives the government's sovereign immunity for certain torts committed by its employees in the scope of their employment.  Mahon v. U.S., 742 F.3d 11, 12 (1st Cir. 2014). However, there are exceptions.  In this connection, the Federal Tort Claims Act does not effect a waiver of sovereign immunity for "any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The analytic framework employed when evaluating a discretionary function inquiry consists of a two-pronged approach.  A court must first zero in on the conduct that supposedly caused the harm. Next, the court must ask whether the harm-producing conduct itself is discretionary, knowing that when a statute, regulation, or policy actually dictates a course of action, the agent has no choice but to follow the directive.  Mahon, 742 F.3d at 14.

The hiring of an employee involves several public policy considerations including weighing of the backgrounds of applicants, evaluation of candidates' qualifications, consideration of staffing requirements, and assessment of budgetary and economic factors.  LeRose v. U.S., 285 Fed.Appx. 93, 97 (4th Cir. 2008).  Because this process is multi-faceted, it is precisely the type of decision that Congress intended to shield from liability through the discretionary function

Case 3:14-cv-01121-PAD   Document 35   Filed 02/18/15   Page 7 of 8

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 7

exception. Id.; see also, Snyder v. U.S., --- Fed.Appx. ----, 2014 WL 5437999 (6th Cir. 2014) (finding that an agency's supervisory and hiring decisions fall within the discretionary function exception). It follows that plaintiffs' claims for negligent hiring, training and retention against the United States are barred by the discretionary function exception must be dismissed.

   E. Alleged Violence in the Workplace

In the complaint, plaintiffs mention a violent incident that occurred between Mr. Librán-Salas and Mr. Vélez-Suárez (Docket No. 1 at ¶ 11). The problem, however, is that the FTCA contains an explicit exclusion for any claim arising out of assault or battery. Pinero-Ocana v. U.S., 38 Fed.Appx. 34 (1st Cir. 2002).[2] The Supreme Court has described that exclusion as sweeping, commenting that it not only bars claims for assault or battery but also any claim arising out of assault or battery. Id. (citing United States v. Shearer, 473 U.S. 52, 55 (1985)). Thus, plaintiffs' claim brought pursuant to this alleged incident must be dismissed.

   F. Constitutional Torts

In their opposition, plaintiffs appear to raise, for the first time, constitutional claims against the United States (Docket No. 25 at p. 4). Such claims are misplaced. Although the FTCA comprises a limited waiver of federal sovereign immunity, Calderon-Ortega v. U.S., 753 F.3d 250, 252 (1st Cir. 2014), such waiver is not extensible to claims for constitutional torts. FDIC v. Meyer, 510 U.S. 471, 476-77 (1994); Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011) (finding that constitutional tort claims are not cognizable under the FTCA). Therefore, plaintiffs' constitutional claims against the United States are barred and must be dismissed.

---

[2] See, 28 U.S.C. § 2680(h)

Librán-Salas *et al.,* v. United States of America Department of Agriculture *et al.*
Civil No. 14-1121 (PAD)
Opinion and Order
Page 8

### IV.    CONCLUSION

In view of the foregoing, and taking plaintiffs' allegations as true, the Court finds that they do not amount to actionable claims under the FTCA.  To the extent Docket Nos. 19 and 22 seek dismissal, the motions are GRANTED.  As such, the Court DISMISSES plaintiffs' claims. Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE